SUMMARY ORDER

Petitioner Xin Lin, a native and citizen of the People’s Republic of China, seeks review of a June 12, 2008 order of the BIA affirming the March 8, 2007 decision of Immigration Judge (“IJ”) Paul A. DeFon-zo, denying his applications for asylum, withholding of removal, and relief under *51 the Convention Against Torture (“CAT”). In re Xin Lin, No. A98 986 708 (B.I.A. Jun. 12, 2008), aff'g No. A98 986 708 (Immig. Ct. N.Y. City Mar. 8, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA issues an opinion that fully adopts the IJ’s decision, we review the IJ’s decision. See Mei Chai Ye v. U.S. Dep’t. of Justice, 489 F.3d 517, 523 (2d Cir.2007). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements. 8 U.S.C. § 1158(b)(1)(B)(iii); see Matter of J-Y-C-, 24 I. & N. Dec. 260, 265 (BIA 2007).
Taken as a whole, the IJ’s adverse credibility determination is supported by substantial evidence. See Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008). The IJ properly noted that Lin’s testimony and asylum application were inconsistent regarding whether: (1) he was present when villagers threw bricks into his church; and (2) Chinese authorities sought to arrest him because he was the “head of those who confronted the villagers” or because they were “arresting people everywhere.” Lin’s argument that these inconsistencies were too minor is without merit. While the inconsistencies do not go “to the heart” of his application, see Matter of J-Y-C-, supra, at 265, they were not insignificant and they provided substantial eviden-tiary support for the IJ’s conclusion that Lin was not credible. See Xiu Xia Lin, 534 F.3d at 167 (emphasis in original). As to Lin’s explanations for these inconsistencies, no reasonable fact-finder would have been compelled to credit them. See, e.g., Majidi v. Gonzales, 430 F.3d 77, 81 (2d Cir.2005).
We also need not disturb the IJ’s finding that it was implausible that Lin obtained a passport before the authorities sought to arrest him without any intention to depart China. Lin argues that the IJ engaged in “impermissible speculation” when he “jumped to the conclusion that [Lin] intended to leave China, simply because his parents obtained a passport for him.” However, while plausible, a reasonable fact-finder would not be compelled to credit Lin’s explanation. See Wensheng Yan v. Mukasey, 509 F.3d 63, 68 (2d Cir.2007) (“The fact that there could conceivably be a scenario in which [an applicant’s] behaviors would be deemed plausible will not compel this Court to label unreasonable the IJ’s finding of implausibility with respect to that alleged course of behavior.”). Finally, having called Lin’s credibility into question, the IJ did not err in finding that he failed to provide sufficient corroborating evidence to rehabilitate his testimony. See Xiao Ji Chen v. U.S. Dep’t. of Justice, 471 F.3d 315, 341 (2d Cir.2006).
Ultimately, considering the totality of the circumstances, the agency’s adverse credibility determination was supported by substantial evidence. See 8 U.S.C. § 1158(b)(1)(B)(iii). Because the only evidence of a threat to Lin’s life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum and withholding of removal where both claims were based on the same factual predicate. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006). Finally, because Lin failed to meaningfully challenge the IJ’s denial of his CAT claim either *52 before the BIA or this Court, we deem any such argument abandoned. See Gui Yin Liu v. INS, 508 F.3d 716, 723 n. 6 (2d Cir.2007).[1]
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

. Lin has also abandoned his illegal departure claim. See Gui Yin Liu, 508 F.3d at 723 n. 6.